Filed 7/23/25  Armanino v. Dept. of Justice CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JOHN AUGUST ARMANINO, | C100893 |
| Plaintiff and Appellant, | (Super. Ct. Nos. STK-CR-FE-1999-0005949, SF076570A) |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant and Respondent; | |
| THE PEOPLE | |
| Real Party in Interest and Respondent. | |

Appointed counsel for John August Armanino has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

1

BACKGROUND

On September 16, 1999, Armanino pleaded no contest to contributing to the delinquency of a minor (Pen. Code, § 272) with a stipulation that the conviction was based on a lewd and lascivious act.[1]  The trial court sentenced Armanino to one year in county jail, stayed pending successful completion of five years' probation and a program of sexual abuse counseling.

On December 11, 2023, Armanino filed a petition for writ of mandate challenging as unconstitutional the requirement that he register for life as a sex offender under section 290, arguing that it violates equal protection.  The trial court denied the petition on April 2, 2024.

Armanino timely appealed.

DISCUSSION

This court appointed counsel to represent Armanino on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests that this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Armanino was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and Armanino has not filed a supplemental brief.

*Wende* procedures apply to a criminal defendant's first appeal of right.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 224-227.)  In light of counsel's brief to this court and related communications with Armanino, however, we have undertaken an examination of the record.  (Cf. *id.* at p. 232 [recognizing appellate courts' discretion to conduct independent review of record in appeal from denial of postconviction petition under

---

[1]  Undesignated statutory references are to the Penal Code.

section 1172.6].)  Having done so, we find no error the correction of which would result in a disposition more favorable to Armanino.

DISPOSITION

The order denying the petition for writ of mandate is affirmed.


                                        /s/
                                        ————————————————
                                        FEINBERG, J.


We concur:


 /s/
————————————————
ROBIE, Acting P. J.


 /s/
————————————————
MESIWALA, J.

3